O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-05270 AHM (FMOx) | Date | March 2, 2010 |
|---|---|---|---|
| Title | BIG J & J INT'L CORP., *et al.* v. NOVELTY, INC., *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

Novelty has filed an *ex parte* application[1] to correct the minute order that the Court issued on February 22, 2010 summarizing the pretrial conference held on the same day. The Order stated:

Plaintiffs' Motion in Limine (#2) to Exclude Novelty, Inc.'s Spreadsheet Summary Documents [197] is GRANTED;

Plaintiffs' Motion in Limine (#3) to Exclude Novelty Inc.'s Invoices [198] is DENIED.

At the hearing on February 22, 2010, the Court initially stated that it was granting both of these motions on the ground that Novelty had failed to produce the spreadsheets during discovery. However, Novelty pointed out (and produced uncontroverted evidence) that Plaintiffs had never requested invoices, and that Novelty produced the underlying data from which the spreadsheets were compiled. Thus, at the hearing, the Court stated that it was denying Plaintiffs' motion in limine to exclude the spreadsheet summaries. The minute order inaccurately reflected this ruling. Plaintiffs' motion to exclude the spreadsheet summary documents is DENIED.

With respect to the invoices themselves, the Court did not explicitly state that it was reversing its initial decision to grant the motion in limine to exclude them. To the

---

[1] Docket No. 248.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-05270 AHM (FMOx) | Date | March 2, 2010 |
|---|---|---|---|
| Title | BIG J & J INT'L CORP., *et al.* v. NOVELTY, INC., *et al.* | | |

extent the Court's ruling is unclear, the Court clarifies as follows: Plaintiffs' motion in limine to exclude Novelty's invoices is DENIED. To the extent that Plaintiff disclosed such invoices at the Local Rule 16-2 Meeting of Counsel Before Final Pretrial Conference, they may be offered at trial. But the invoices will not be excluded on the ground that they were not otherwise disclosed during discovery.

|  | : |
|---|---|
| Initials of Preparer | SMO |